**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**PAUL MANIZAK,**

            **Plaintiff,**          **CIVIL ACTION NO. 13-cv-14514**

        **v.**                  **DISTRICT JUDGE DENISE PAGE HOOD**

**JOHN DOE, et al.,**           **MAGISTRATE JUDGE MONA K. MAJZOUB**

            **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This a *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983 and § 1985, which is currently before the Court on five motions. The first motion is a Motion to Dismiss filed by Defendant Bryant Osikowicz. (Docket no. 14.) Plaintiff filed a "Rebuttal." (Docket no. 19.) The second motion is Plaintiff's Motion to Amend the Complaint. (Docket no. 20.) The third motion is Defendant Osikowicz's Second Motion to Dismiss. (Docket no. 22.) Plaintiff filed a Response (docket no. 25), Defendant Osikowicz replied to Plaintiff's Response (docket no. 29), and Plaintiff responded to Defendant Osikowicz's Reply (docket no. 32). The fourth motion is Plaintiff's Motion for Leave to File a Second Amended Complaint. (Docket no. 27.) The fifth motion is Plaintiff's Motion for Leave to File a Third Amended Complaint. (Docket no. 34.) This action has been referred to the undersigned for all pretrial purposes. (Docket no. 28.) The undersigned dispenses with oral argument on the motions pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.      RECOMMENDATION

For the reasons that follow, the undersigned recommends that Defendant Osikowicz's Motion to Dismiss (docket no. 14) be **DENIED** as moot; Plaintiff's Motion to Amend the Complaint (docket no. 20) be **DENIED** as moot; Defendant Osikowicz's Second Motion to Dismiss (docket no. 22) be **DENIED** as moot without prejudice; Plaintiff's Motion for Leave to File a Second Amended Complaint (docket no. 27) be **DENIED** as moot; and Plaintiff's Motion for Leave to File a Third Amended Complaint (docket no. 34) be **GRANTED**.

## II.    REPORT

### A.    Background

This matter arises from the criminal investigation and prosecution of Plaintiff for Retail Fraud, in which it was alleged that Plaintiff stole several DVD players from the Kmart store located in Farmington Hills, Michigan, and drove away with those DVD players in a stolen vehicle.  (Docket no. 34 at 23, 28.)  The original charge of First Degree Retail Fraud was later amended to Second Degree Retail Fraud and then dismissed via a *nolle prosequi* order.  (*Id*. at 23, 26.)  Plaintiff seemingly alleges that Defendants conspired to draft an arrest warrant with fabricated evidence and used that warrant to prosecute Plaintiff for Retail Fraud in violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  (*See* docket no. 34.)  Plaintiff further alleges that Defendants misused a Writ of Habeas Corpus to remove Plaintiff from the custody of the Michigan Department of Corrections to the state court for prosecution because they knew that the charges were based on fabricated evidence.  (*Id*. at 9, 16.)  Plaintiff seeks compensatory damages, punitive damages, and costs.  (*Id*. at 20.)

On February 14, 2014, Defendant Osikowicz filed a Motion to Dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket no. 14.)  Plaintiff filed

a "Rebuttal" to Defendant Osikowicz's Motion on March 10, 2014. (Docket no. 19.) On that same date, Plaintiff also filed a Motion to Amend the complaint and a proposed First Amended Complaint. (Docket nos. 20, 21.) In response to Plaintiff's proposed First Amended Complaint, Defendant Osikowicz filed a Second Motion to Dismiss Plaintiff's claims against him on March 24, 2014. (Docket no. 22.) Then, on April 21, 2014, Plaintiff filed a Motion for Leave to File a Second Amended Complaint and a proposed Second Amended Complaint. (Docket no. 27.) Defendant Michael Flatt filed an answer to Plaintiff's proposed Second Amended Complaint on May 9, 2014. (Docket no. 31.) Less than one month later, on June 5, 2014, Plaintiff filed a Motion for Leave to File a Third Amended Complaint with the proposed complaint attached. (Docket no. 34.) All five motions are currently pending before the court and are ready for ruling.

### B.    Law and Analysis

#### 1.    *Plaintiff's Motions to Amend* [1]

Plaintiff filed his original *pro se* complaint on October 28, 2013 pursuant to 42 U.S.C. § 1983, against an unknown Detective of the City of Farmington Hills, John Doe, and Oakland County Assistant Prosecutor Bryant Osikowicz, alleging that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights by using illegal evidence wholly unrelated to Plaintiff to draft a false and misleading "complaint" and by using that complaint to prosecute Plaintiff. (*See* docket no. 1.) Since that time, Plaintiff has filed three motions to amend his complaint.

Plaintiff filed the first motion to amend on March 10, 2014. (Docket no. 20.) In his

---

[1]Plaintiff's Motions to Amend do not conform to Eastern District of Michigan Local Rule 7.1(d), which requires that each motion filed with the Court be accompanied by a single brief of proper form and length. To be considered by the Court, Plaintiff's future filings must comply with the Local Rules.

proposed First Amended Complaint, Plaintiff substitutes Farmington Hills Detective Michael Flatt for John Doe and adds the City of Farmington Hills as a party. (Docket no. 21 at 1.) He also adds, changes, and removes factual allegations and sets forth the following claims as titled by Plaintiff: violations of "42 U.S.C. §§ 1983, 1985 Against Individual Defendants" (Count I); "The Drafting of [Two] Complaints with Fabricated Evidence Against Individual Defendants in Violation of *Franks v. Delaware*" (Count II); "False Writ/Seizure and Illegal Imprisonment Against Individual Defendants" (Count III); "Unreasonable Calling to a State Criminal Prosecution to be a Witness Against Himself and Forced Into Incrimination" (Count IV); "Denial of Due Process of Law" (Count V); and violations of "42 U.S.C. § 1983, 1985 Against City of Farmington Hills" (Count VI). (*See* docket no. 21.)

Without waiting for the Court to rule on the first Motion to Amend, on April 21, 2014, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (Docket no. 27.) In his proposed Second Amended Complaint, Plaintiff again alters his factual allegations. (*See id.*) He also adds, changes, and removes claims: violations of "42 U.S.C. §§ 1983, 1985 Against Individual Defendants" (Count I); "The Drafting of the Arrest Complaint with Fabricated Evidence, as well as Defendant Osikowiczs 404 (b) Notice of Intent Contains Fabricated Evidence to Establish Identity, are in Violation of *Franks v. Delaware*" (Count II); "Prosecutorial Abuse of Process Pursuant to the False Writ of Habeas Corpus Ad Prosequendum" (Count III); "Fabrication of Evidence" (Count IV); "Forced/Self-Incrimination" (Count V); violations of "42 U.S.C. § 1983, and 1985 Against City of Farmington Hills" (Count VI); "Malicious Prosecution" (Count VII); "False Imprisonment" (Count VIII); "Gross Negligence" (Count IX); and "Procedural and Substantive Due Process" violations (Count X). (*Id.*)

-4-

On June 5, 2014, Plaintiff filed a Motion for Leave to File a Third Amended Complaint, without waiting for the Court to rule on the two previous motions to amend. (Docket no. 34.) Once again, the factual allegations in the proposed Third Amended Complaint change slightly, as do the claims set forth: violations of "42 U.S.C. §§ 1983 and 1985 Against Individual Defendants" (Count I), "The Drafting of an Illegal Arrest Complaint with Fabricated Evidence, as well as a Illegal 404 (b) Notice With Perjured Fabricated Evidence Therein to Establish Identity and are in Violation of *Franks v. Delaware*" (Count II); "False Arrest/ Writ/Imprisonment" (Count III); "Brady Violations" (Count IV); "Fabrication of Evidence" (Count V); "Suggestive Show-Up" (Count VI); "Malicious Prosecution" (Count VII); violations of "42 U.S.C. §§ 1983 and 1985 Against City of Farmington Hills" (Count VIII); and "Gross Negligence" (Count IX). (*See id.*)

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors relevant to the determination of whether to permit an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). The decision whether to grant a motion to amend is within the sound discretion of the court. *Id*.

Plaintiff's first motion to amend was entered on the docket on March 10, 2014, but it is considered filed as of March 6, 2014, the postmark date on the envelope. (*See* docket no. 21 at 87.) Thus, it was filed within twenty-one days of Defendant Osikowicz's first Motion to Dismiss, and the Court would have granted the motion as a matter of course. Nevertheless, the undersigned recommends that Plaintiff's first Motion to Amend be denied as moot because it is superseded by his Motion for Leave to File a Second Amended Complaint. Likewise, Plaintiff's Motion for Leave to File a Second Amended Complaint is superseded by his Motion for Leave to File a Third Amended Complaint and should also be denied as moot.

Plaintiff filed the Motion for Leave to File a Third Amended Complaint on June 5, 2014, approximately seven months after filing the original complaint, approximately two and a half months after Defendant Osikowicz filed his Second Motion to Dismiss, and less than one month after Defendant Flatt answered Plaintiff's proposed Second Amended Complaint. The Court has not yet entered a Scheduling Order in this matter, and no discovery has taken place. The changes Plaintiff makes to the factual allegations from one proposed amended complaint to another are not material; rather, they seem to be attempts to clarify and further support his claims. Also, Defendants received notice of many of Plaintiff's additional claims when Plaintiff filed the proposed Second Amended Complaint on April 21, 2014. The undersigned does not find any undue delay, bad faith on the part of Plaintiff, or lack of notice to Defendants.

Conversely, Defendant Osikowicz has already filed two Motions to Dismiss, one in response to Plaintiff's original complaint and the other in response to Plaintiff's proposed First Amended Complaint. Defendant Osikowicz would argue prejudice if the Court were to allow the filing of Plaintiff's proposed Third Amended Complaint, as his motions would then be rendered moot.

However, on balance, any prejudice suffered by Defendant Osikowicz would be minimal, as Plaintiff's claims in the proposed Third Amended Complaint are not substantially different from those in the proposed First Amended Complaint, but for the Malicious Prosecution claim. To revise Defendant Osikowicz's Motion to Dismiss to account for the Malicious Prosecution claim would not take a moderately experienced, competent attorney more than a few hours to complete. Defendants would suffer no other prejudice or undue burden by the filing of Plaintiff's Third Amended Complaint at this stage in the litigation.[2] Thus, the undersigned recommends that Plaintiff's Motion for Leave to File a Third Amended Complaint be granted.

2.    *Defendant Osikowicz's Motions to Dismiss*

As noted above, Defendant Bryant Osikowicz filed his first Motion to Dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 14, 2014. (Docket no. 14.) He then filed a substantially similar Motion to Dismiss on March 24, 2014, in response to Plaintiff's proposed First Amended Complaint. (Docket no. 22.) Both of Defendant Osikowicz's motions would be rendered moot in light of Plaintiff's Third Amended Complaint, which includes additional factual allegations and claims, notably, a count of Malicious Prosecution. Thus, because the undersigned recommends granting Plaintiff's Motion for Leave to File a Third Amended Complaint, the undersigned also recommends that the Court deny Defendant Osikowicz's Motions to Dismiss without prejudice.

**C.    Conclusion**

---

[2]While the undersigned finds that Defendants will suffer minimal prejudice if Plaintiff's Third Amended Complaint is allowed at this time, the prejudice factor will become increasingly significant in the Court's decision to allow any further amended complaints going forward.

For the above-stated reasons, the undersigned recommends that the Court **DENY** Defendant Osikowicz's Motion to Dismiss (docket no. 14) as moot; **DENY** Plaintiff's Motion to Amend the Complaint (docket no. 20) as moot; **DENY** Defendant Osikowicz's Second Motion to Dismiss (docket no. 22) as moot without prejudice; **DENY** Plaintiff's Motion for Leave to File a Second Amended Complaint (docket no. 27) as moot; and **GRANT** Plaintiff's Motion for Leave to File a Third Amended Complaint (docket no. 34).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: September 17, 2014          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Nicholas Seals and Counsel of Record on this date.

Dated: September 17, 2014           s/ Lisa C. Bartlett
                                  Case Manager