UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MANIZAK,

       Plaintiff,                  CIVIL ACTION NO. 13-cv-14514

   v.                              DISTRICT JUDGE DENISE PAGE HOOD

JOHN DOE, et al.,            MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is a *pro se* civil rights action brought by Plaintiff Paul Manizak, currently a prisoner at the Pugsley Correctional Facility in Kingsley, Michigan, against Defendants Oakland County Assistant Prosecutor Bryant Osikowicz, Sergeant Michael Flatt of the Farmington Hills Police Department, and the City of Farmington Hills, pursuant to 42 U.S.C. §§ 1983 and 1985. Before the Court is a Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Summary Judgment filed by Defendants Flatt and the City of Farmington Hills on December 8, 2015.[1] (Docket no. 57.) Plaintiff responded to Defendants' Motion (docket no. 58), and Defendants replied to Plaintiff's response (docket no. 59). This action has been referred to the undersigned for all pretrial purposes. (Docket no. 28.) The Court dispenses with oral argument on the motions pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Also pending in this matter are Plaintiff's Motion for a Court Order to Serve Discovery Upon Defendants (docket no. 42); Defendant Osikowicz's Third Motion to Dismiss (docket no. 43); Plaintiff's Motion for Sanctions and Request for an Evidentiary Hearing (docket no. 47); Plaintiff's Motion for an Order Compelling Discovery (docket no. 48); Plaintiff's Motion for an Order Compelling Discovery (docket no. 49); Defendants City of Farmington Hills and Flatt's Motion to Compel Discovery Responses (docket no. 50); Plaintiff's Motion for Sanctions and Request for an Evidentiary Hearing (docket no. 51); Plaintiff's Motion for Order Compelling Discovery (docket no. 52); and Plaintiff's Motion for Entry of Order Permitting Plaintiff to File Fourth Amended Complaint (docket no. 53).

**I.       RECOMMENDATION**

For the reasons that follow, it is recommended that the Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Summary Judgment filed by Defendants Flatt and the City of Farmington Hills (docket no. 57) be **GRANTED** and that Plaintiff's Third Amended Complaint (docket no. 34) be dismissed in its entirety.  Accordingly, it is also recommended that the other outstanding motions in this matter (docket nos. 42, 43, 47, 48, 49, 50, 51, 52, and 53) be **DENIED** as moot.

**II.      REPORT**

    **A.      Background**

Plaintiff is currently incarcerated as the result of a conviction on a charge of receiving or concealing a stolen motor vehicle, MCL § 750.535(7), for which he was sentenced to four to twenty years of imprisonment on December 13, 2012.  *See* Mich. Dep't of Corr. Offender Tracking Info. Sys. (OTIS).[2]  Plaintiff was arrested for this offense on October 11, 2011, by police officers of the Canton Township Police Department.  (Docket no. 34 ¶ 7.)  Plaintiff devotes a significant portion of his Third Amended Complaint to the alleged criminal and constitutional violations allegedly committed by the Canton Township police officers and others involved in the investigation, prosecution, and conviction of Plaintiff on the stolen vehicle charge.  (*Id*. ¶¶ 6-19.)  Specifically, Plaintiff asserts that he was arrested without a warrant; that his constitutional rights were violated when an officer conducted a warrantless search of his cell phone; that the officers conspired to conceal the warrantless search by fabricating evidence; that three officers and one detective fabricated "false material" in their reports and in the complaint;

---

[2] The Court is permitted to take judicial notice of the information contained on OTIS.  *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).

that the detective provided false testimony at Plaintiff's arraignment and at his trial; and that the prosecutor prepared an "unduly suggestive show up." (*Id*.)

On or about the same time as the Canton Township criminal investigation, Defendant Flatt was conducting a criminal investigation of Plaintiff for retail fraud, in which Plaintiff allegedly stole several DVD players from the Kmart store located in Farmington Hills, Michigan, and drove away with those DVD players in a stolen vehicle. (Docket no. 34 at 23, 28.) The original charge of First Degree Retail Fraud was later amended to Second Degree Retail Fraud and then dismissed via a *nolle prosequi* order. (*Id*. at 23, 26.) In his Third Amended Complaint, Plaintiff alleges that Defendants Flatt and Osikowicz "were behind the scenes working hand in hand with [Canton Township] Detective Kelly (while) they were drafting the Farmington Hills complaint wherein they falsely implicate [] Plaintiff in these retail frauds to otherwise aid Detective Kelley to help solidify the Canton conviction." (*Id*. ¶ 21.) Plaintiff also alleges that the Defendants in this matter "have made clear" that the Canton Township "'conviction evidence' was their sole probable cause source to execute Plaintiff on the retail frauds" in Farmington Hills. (*Id*. ¶ 20.) Plaintiff further alleges that Defendants conspired to knowingly and intentionally use the tainted Canton Township "conviction evidence" in all aspects of the investigation and prosecution of Plaintiff on the Farmington Hills retail fraud charges. (*Id*. ¶¶ 26-30, 35-37, 41.) Additionally, Plaintiff alleges that Defendant City of Farmington Hills has a policy of not taking reasonable steps to train its officers, which resulted in Defendants' failure to disclose that Plaintiff's Canton Township "conviction evidence" was contaminated. (*Id*. ¶¶ 44-46, 48.)

Plaintiff then asserts that Defendants violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and he sets forth the following

purported causes of action: Count I – violations of "42 U.S.C. §§ 1983 and 1985 Against Individual Defendants;" Count II – "The Drafting of an Illegal Arrest Complaint with Fabricated Evidence, as well as a[n] Illegal 404 (b) Notice With Perjured Fabricated Evidence Therein to Establish Identity and are in Violation of *Franks v. Delaware*;" Count III – "False Arrest/ Writ/Imprisonment;" Count IV – "Brady Violations;" Count V – "Fabrication of Evidence;" Count VI – "Suggestive Show-Up;" Count VII – "Malicious Prosecution;" Count VIII – violations of "42 U.S.C. §§ 1983 and 1985 Against City of Farmington Hills;" and Count IX – "Gross Negligence." (Docket no. 34 ¶¶ 50-81.) As relief, Plaintiff seeks compensatory damages, punitive damages, and costs. (*Id*. at 20.)

    **B.**    **Standard**

Defendants Flatt and the City of Farmington Hills bring the instant Motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56(a). (Docket no. 57 at 2.) A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine

issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.   Analysis**

In their Motion, Defendants Flatt and the City of Farmington Hills assert that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, *Heck v. Humphrey*, and qualified immunity. They further assert that Plaintiff's claims are completely without merit and fail as a matter of law. (Docket no. 57.) The Court will address the threshold matters of the *Rooker-Feldman* doctrine and *Heck v. Humphrey* before reaching the merits of Plaintiff's claims.

*1.   The Rooker-Feldman Doctrine*

Defendants claim that the Court lacks subject-matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine because "[t]he nature of Plaintiff's claims and extent to which they are thoroughly entangled with the state court criminal conviction on the stolen vehicle charge preclude review of his allegations in this case." (Docket no. 57 at 16-20.) Plaintiff responds that the *Rooker-Feldman* doctrine does not divest the Court of jurisdiction because he has presented an independent claim. (Docket no. 58 at 13-14.)

The *Rooker-Feldman* doctrine raises a jurisdictional bar that prohibits a federal district court from engaging in appellate review of state-court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The United

States Supreme Court has since clarified the scope of the *Rooker-Feldman* doctrine, holding that it is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon*, the Sixth Circuit explained that the relevant inquiry in determining whether a claim falls within the scope of the *Rooker-Feldman* doctrine "is the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*. An independent claim will not divest a federal district court of subject-matter jurisdiction, even if it may deny a legal conclusion of the state court. *Id*. at 392.

To the extent that Defendants argue that the *Rooker-Feldman* doctrine applies here because Plaintiff's claims are "inextricably intertwined" with his state-court judgment, Defendants' argument must fail, as it relies on pre-*Exxon* case law. The Sixth Circuit's analysis on this particular issue in *McCormick* applies equally here:

> In *Exxon,* the Supreme Court implicitly repudiated the circuits' post-*Feldman* use of the phrase "inextricably intertwined" to extend *Rooker–Feldman* to situations w[h]ere the source of the injury was not the state court judgment. In short, the phrase "inextricably intertwined" only describes the conclusion that a claim asserts an injury whose source is the state court judgment, a claim that is thus barred by *Rooker–Feldman.*

*McCormick*, 451 F.3d at 394-95 (citation omitted). Here, Plaintiff does not claim that the state-court judgment was the source of his injury; notably, Plaintiff does not request that his conviction be overturned or that the resulting prison sentence be commuted. Indeed, Plaintiff seeks damages for claims resulting from Defendants' purportedly cognizant use of allegedly

6

fabricated evidence from his Canton Township conviction in the Farmington Hills investigation and prosecution of Plaintiff for retail fraud. According to the Sixth Circuit, a claim that certain defendants procured a state-court judgment through fraud, misrepresentation, or other improper means, constitutes an independent claim for purposes of a *Rooker-Feldman* analysis. *McCormick,* at 392; *see also Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 437 (6th Cir. 2006) (claim that Plaintiff was injured by Defendant when he filed a false affidavit was an independent claim even though the state court found that that affidavit was valid). Like the plaintiffs in *McCormick* and *Todd*, Plaintiff asserts independent claims against Defendants. Accordingly, the *Rooker-Feldman* doctrine does not apply to this matter.

        2.       *Heck v. Humphrey*

In *Heck v. Humphrey*, the U.S. Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). When faced with such a claim for damages, the district court must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. If so, "the complaint must be dismissed." *Id.* The Sixth Circuit has held that "a challenge to a criminal investigation that led to a conviction necessarily challenges the validity of the conviction, and therefore falls within the *Heck* framework." *Morris v. City of Detroit*, 211 F. App'x 409, 411 (6th Cir. 2006) (citing *Dusenbery v. Graves,* No. 97-4387, 1999 WL 617932, at * 1 (6th Cir. Aug. 12, 1999)).

Here, while Plaintiff does not directly challenge his Canton Township conviction, he alleges that numerous violations were committed in the course of the Canton Township criminal investigation, including the fabrication of evidence, which ultimately lead to his conviction.[3] Plaintiff then alleges that Defendants knowingly utilized that fabricated evidence in the Farmington Hills investigation and prosecution of Plaintiff for retail fraud. (*See* docket no. 34.) To accept Plaintiff's factual allegations as true and make a finding for Plaintiff in this matter would necessarily imply that his Canton Township conviction is invalid. *Heck* and *Morris* specifically bar such a result. Accordingly, because Plaintiff has presented no evidence that his conviction has been reversed or otherwise declared invalid, and the Court finds none, Plaintiff's Third Amended Complaint is barred by *Heck* and should be dismissed.[4] [5]

### 3. *Plaintiff's Outstanding Motions*

As previously noted, Plaintiff's discovery motions, motions for an evidentiary hearing and sanctions, and motion for leave to file a fourth amended complaint remain outstanding in this matter. In light of these outstanding motions, Plaintiff requests that Defendants' instant motion be denied. (Docket no. 58 at 1-2.) Plaintiff's proposed Fourth Amended Complaint, however, is substantially similar to his Third Amended Complaint, and it harbors the same deficiencies as his Third Amended Complaint under *Heck v. Humphrey*. Similarly, no amount of additional

---

[3] It is noteworthy to mention that Plaintiff filed two section 1983 complaints in this Court for damages directly related to the alleged violations committed by the actors in the Canton Township criminal investigation, and those claims were summarily dismissed under the principles of *Heck*. *Manizak v. Kelley*, No. 2:13-cv-10346, docket no. 11; *Manizak v. Kelley*, No. 2:13-cv-11274, docket no. 11.

[4] Defendant Osikowicz does not join Defendants Flatt and the City of Farmington Hills in the instant Motion; Defendant Osikowicz's Third Motion to Dismiss pursuant to Rule 12(b)(6) is currently pending before the Court. Nevertheless, **Error! Main Document Only.**like Plaintiff's claims against the other Defendants, Plaintiff's claims against Defendant Osikowicz are barred by *Heck*.

[5] Because Plaintiff's Third Amended Complaint should be dismissed under *Heck*, the Court need not reach the issue of qualified immunity and/or consider the merits of Plaintiff's claims. *See Matheney v. City of Cookeville, Tenn.*, 461 F. App'x 427, 433 (6th Cir. 2012).

discovery in this matter will change the result that Plaintiff's claims are barred under *Heck v. Humphrey*. Accordingly, Plaintiff's outstanding motions should be denied as moot.

### D. Conclusion

For the above-stated reasons, it is recommended that the Court **GRANT** the Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Summary Judgment filed by Defendants Flatt and the City of Farmington Hills (docket no. 57) and dismiss Plaintiff's Third Amended Complaint in its entirety. Accordingly, it is also recommended that the Court **DENY** the other outstanding motions in this matter (docket nos. 42, 43, 47, 48, 49, 50, 51, 52, and 53) as moot.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not

later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 3, 2016   s/ Mona K. Majzoub
            MONA K. MAJZOUB
            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Paul Manizak and counsel of record on this date.

Dated: February 3, 2016   s/ Lisa C. Bartlett
            Case Manager