UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MANIZAK,

    Plaintiff,

                                     Case No. 13-14514
v.                                 Hon. Denise Page Hood

JOHN DOE, et al.

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. # 60)**

**I.    INTRODUCTION AND BACKGROUND**

Defendants City of Farmington Hills, Detective M. Flatt, and Prosecutor Bryant ("Defendants") filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the alternative a Motion for Summary Judgment. (Doc. # 57). Plaintiff Paul Manziak filed a response (Doc. # 58). Pretrial matters were referred Magistrate Judge Mona K. Majzoub, who issued a Report and Recommendation recommending that the Court grant Defendants' motion. (Doc. # 60). Plaintiff filed objections to which all Defendants responded. For the reasons stated below the Court **ADOPTS** Magistrate Judge Majzoub's Report and Recommendation.

**II.    STANDARD OF REVIEW**

1

After a Magistrate Judge issues a report and recommendation, a party has 14 days to file objections. 28 U.S.C. § 636(b)(1)(c); F.R.C.P. 72(b)(2). A court shall conduct a *de novo* review of those portions of the report and recommendation to which proper objections are made. *Id*. A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id*. A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986)(citation omitted). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 93 (6th Cir. 1986).

### III. DISCUSSION

Plaintiff objects to the Magistrate Judge's Report and Recommendation. Manizak filed three objections, all of which appear to argue the same thing: The Magistrate Judge erred by not examining his civil rights claim in the context of *Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008), which held that succeeding on a § 1983 claim does not necessarily run afoul of the *Heck v. Humphrey* doctrine, if a legal doctrine would allow the conviction or evidence to stand. *See id.* Manizak argues

that the Magistrate Judge failed to engage in any fact finding to "determine whether the conviction evidence had a source wholly independent of the of the alleged constitutional violations." (Doc. # 63 at 2). He also alleges the Magistrate Judge erred by failing to hold a evidentiary hearing. For this proposition Manizak relies on *Nunes v. Mueller*, 350 F.3d 1045, 1055 (9th Cir. 2003).

Defendants disagree that *Harper* applies. They contend that Plaintiff is challenging the evidence of the conviction claiming that all of the evidence was the product of fraudulent and forged practices. The evidence is allegedly wholly unconstitutional. Therefore, a ruling in his favor would absolutely infringe and question the validity of Manizak's conviction.

After carefully reviewing Defendants' motion, the record, and the Report and Recommendation, the Court agrees with the Magistrate Judge that ruling in Manizak's favor would violate the *Heck* doctrine. (Doc. # 60). Under *Heck*,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Manizak claims that his

conviction was obtained through fabricated and false evidence. See (Doc. # 58). He specifically alleges that the officers conspired together to lie and intentionally create false affidavits and warrants not supported by probable cause. See (Doc. # 58 at 9-12). Manizak states "the entire state process was a fraud and a sham that ultimately convicted Manizak." (Doc. # 58 at 9).

The Sixth Circuit has noted that deliberate false statements in an affidavit supporting application for search warrant do not compel voiding of the warrant; rather, the correct procedure is to set falsehoods to one side and evaluate the sufficiency of the affidavit on the basis of what facts remain. *United States v. Campbell*, 878 F.2d 170 (6th Cir. 1989) citing *Franks v. Delaware*, 438 U.S. 154 (1978).

> [If] perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Campbell*, 878 F.2d at 171-72 citing *Franks*, 438 U.S. at 156.

Manizak's claim is that his entire conviction was based on intentional falsehoods. If all the evidence and warrants were the products of "fraud," then all the warrants, and the evidence they produced, would be excluded

4

because there would be no remaining untainted content in the affidavits supporting the warrants. No legal doctrine could save his conviction because the conviction was allegedly the product of "fraud and a sham, " and there would be no evidence that is wholly independent of the allegedly unconstitutional acts. If the Court accepted Manizak's claims, all the evidence and the search warrants would have to be excluded from his case. A favorable ruling in his civil rights suit would certainly call into question and undermine his conviction. Therefore, Manizak, as prerequisite, needs to prove that his conviction has been called into question or deemed invalid pursuant to *Heck v. Humphrey*; Manizak has not done so.

Accordingly, the Magistrate Judge is correct that summary judgment is appropriate.

## IV.  CONCLUSION

The Court **ADOPTS** Magistrate Judge Majzoub's Report and Recommendation (Doc. # 60). Defendants' Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Summary Judgment (Doc. # 57) is **GRANTED**; Plaintiff's Third Amended Complaint (Doc. # 34) is **DISMISSED WITH PREJUDICE**; and all other outstanding Motions (Doc. # 42, 43, 47,

48, 49, 50, 51, 52, 53, and 61) are **DENIED** as **MOOT**.

    **IT IS ORDERED.**


                            S/Denise Page Hood
                            Denise Page Hood
                            Chief Judge, United States District Court

Dated:  March 22, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2016, by electronic and/or ordinary mail.

                            S/LaShawn R. Saulsberry
                            Case Manager